FILED

2011 DEC -2 PM 1:24

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA

BY

1   Jan P. Weir, State Bar No. 106652
    jweir@sycr.com
2   Douglas Q. Hahn, State Bar No. 257559
    dhahn@sycr.com
3   Joseph J. Mellema, State Bar No. 248118
    jmellema@sycr.com
4   STRADLING YOCCA CARLSON & RAUTH
    660 Newport Center Drive, Suite 1600
5   Newport Beach, CA 92660-6422
    Tel: 949-725-4000
6
    Andrew G. DiNovo (will seek admission *pro hac vice*)
7   adinovo@dpelaw.com
    Adam G. Price (will seek admission *pro hac vice*)
8   aprice@dpelaw.com
    Victor G. Hardy (will seek admission *pro hac vice*)
9   vhardy@dpelaw.com
    DiNovo Price Ellwanger & Hardy LLP
10  7000 North Mopac Expressway
    Suite 350
11  Austin, TX 78731
    Tel: 512-539-2632
12
    Attorneys for Plaintiffs
13  Preservation Technologies LLC

14

15                  UNITED STATES DISTRICT COURT

16               CENTRAL DISTRICT OF CALIFORNIA

                                        SACV11-01862 JVS (RNBx)
17

18  PRESERVATION TECHNOLOGIES          CASE NO.
    LLC,
19                                      PLAINTIFF'S ORIGINAL
            Plaintiff,                  COMPLAINT
20
         vs.                            Jury Trial Demanded
21
    NETFLIX, INC.; AMAZON.COM,
22  INC.; FACEBOOK, INC.; SONY
    CORPORATION OF AMERICA;
23  DISH NETWORK CORPORATION,

24          Defendants.

25

26

27

28

1    Preservation Technologies LLC ("Preservation Technologies") by and

2    through its attorneys, for its Original Complaint against Defendants Netflix, Inc.

3    ("Netflix"), Amazon.com, Inc. ("Amazon"), Facebook, Inc. ("Facebook"), Sony

4    Corporation of America ("Sony"), DISH Network Corporation ("DISH")hereby

5    alleges as follows:

6    ## I. NATURE OF THE ACTION

7        1.    This is an action for patent infringement arising under the patent laws

8    of the United States, 35 U.S.C. §§ 271, *et seq.*, to enjoin and obtain damages

9    resulting from Defendants' unauthorized use, sale, and offer to sell in the United

10   States of products, methods, processes, services and/or systems that infringe one or

11   more claims of United States Patent No. 6,199,060, issued on March 6, 2001, for

12   "Method and Apparatus Management of Multimedia Assets" naming Samuel

13   Gustman as inventor (the "'060 Patent"), a true and correct copy of which is

14   attached hereto as **Exhibit 1**; United States Patent No. 6,581,071, issued June 17,

15   2003, for "Surveying System and Method" naming Samuel Gustman and Barbara

16   DeLury as inventors (the "'071 Patent"), a true and correct copy of which is

17   attached hereto as **Exhibit 2**; United States Patent No. 5,813,014, issued on

18   September 22, 1998, for "Method and Apparatus for Management of Multimedia

19   Assets" naming Samuel Gustman as inventor (the "'014 Patent"), a true and correct

20   copy of which is attached hereto as **Exhibit 3**; United States Patent No. 6,092,080,

21   issued July 18, 2000, for "Digital Library System" naming Samuel Gustman as

22   inventor (the "'080 Patent"), a true and correct copy of which is attached hereto as

23   **Exhibit 4**; United States Patent No. 5,832,495, issued November 3, 1998, for

24   "Method and Apparatus for Cataloguing Multimedia Data" naming Samuel

25   Gustman as inventor (the "'495 Patent"), a true and correct copy of which is

26   attached hereto as **Exhibit 5**; United States Patent No. 5,832,499, issued

27   November 3, 1998, for "Digital Library System" naming Samuel Gustman as

28   inventor (the "'499 Patent"), a true and correct copy of which is attached hereto as

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-1-
COMPLAINT
DOCSOC/1528876v1/019999-0000

1  **Exhibit 6**; United States Patent No. 6,212,527, issued April 3, 2001, for "Method
2  and Apparatus for Cataloguing Multimedia Data" naming Samuel Gustman as
3  inventor (the "'527 Patent"), a true and correct copy of which is attached hereto as
4  **Exhibit 7**; United States Patent No. 6,574,638, issued June 3, 2003, for "Method
5  and Apparatus for Cataloguing Multimedia Data Using Surveying Data" naming
6  Samuel Gustman and Barbara DeLury as inventors (the "'638 Patent"), a true and
7  correct copy of which is attached hereto as **Exhibit 8**; United States Patent
8  No. 6,549,911, issued April 15, 2003, for "Method and Apparatus for Cataloguing
9  Multimedia Data" naming Samuel Gustman as inventor (the "'911 Patent"), a true
10 and correct copy of which is attached hereto as **Exhibit 9**; and United States Patent
11 No. 6,353,831, issued March 5, 2002, for "Digital Library System" naming Samuel
12 Gustman as inventor (the "'831 Patent"), a true and correct copy of which is
13 attached hereto as **Exhibit 10**.  Collectively, the '060 Patent, the '071 Patent, the
14 '014 Patent, the '080 Patent, the '495 Patent, the '499 Patent, the'527 Patent, the
15 '638 Patent, the '911 Patent and the '831 Patent are referenced herein as the
16 "Patents-in-Suit."
17      2.      Preservation Technologies is the exclusive licensee and holder of all
18 substantial rights and interest in and to the Patents-in-Suit.
19      3.      Each of the Defendants manufactures, provides, sells, offers for sale,
20 imports and/or distributes infringing products and services; and/or induces others
21 including its customers to use its products and services in an infringing manner;
22 and/or contributes to the use of infringing products and services by others.
23      4.      Plaintiff Preservation Technologies seeks injunctive relief to prevent
24 Defendants from continuing infringement of Plaintiff's valuable patent rights.
25 Plaintiff Preservation Technologies further seeks monetary damages and
26 prejudgment interest for Defendants' past infringement of the Patents-in-Suit.
27      5.      This is an exceptional case, and Preservation Technologies is entitled
28 to damages, enhanced damages, attorneys' fees, costs and expenses.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-2-
COMPLAINT

DOCSOC/1528876v1/019999-0000

## II. THE PARTIES

6.     Plaintiff Preservation Technologies LLC is a Delaware limited liability company, having its principal place of business at 874 Walker Road, Suite C, Dover, Delaware 19904.

7.     On information and belief, Netflix is a corporation organized and existing under the laws of the State of Delaware, with a place of business located at 100 Winchester Circle, Los Gatos, California 95032.  Netflix can be served with process by serving its registered agent for service of process in the State of California, National Registered Agents, Inc., 2875 Michelle Drive, Suite 100, Irvine, California 92606.

8.     On information and belief, Amazon is a corporation organized and existing under the laws of the State of Delaware, with a place of business located at 410 Terry Avenue North, Seattle, Washington 98109.  Amazon can be served with process by serving its registered agent for service of process in the State of Washington, Corporation Service Company, 300 Deschutes Way SW, Suite 304, Tumwater, Washington 98501.

9.     On information and belief, Facebook is a corporation organized and existing under the laws of the State of Delaware, with a place of business located at 1601 S. California Avenue, Palo Alto, California 94304.  Facebook can be served with process by serving its registered agent for service of process in the State of California, Corporation Service Company d/b/a CSC - Lawyers Incorporating Service, 2730 Gateway Oaks Drive, Suite 100, Sacramento, California 95833.

10.     On information and belief, Sony is a corporation organized and existing under the laws of the State of New York, with a place of business located at 550 Madison Avenue 27th Floor, New York, New York 10022.  Sony can be served with process by serving its registered agent for service of process in the State of California, Corporation Service Company, d/b/a CSC - Lawyers

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

COMPLAINT

DOCSOC/1528876v1/019999-0000

1  Incorporating Service, 2730 Gateway Oaks Drive, Suite 100, Sacramento,

2  California 95833.

3       11.    On information and belief, DISH is a corporation organized and

4  existing under the laws of the State of Nevada, with a place of business located at

5  9601 S. Meridian Boulevard, Englewood, Colorado 80112.  DISH can be served

6  with process by serving its registered agent for service of process in the State of

7  Colorado, R. Stanton Dodge, 9601 S. Meridian Boulevard, Englewood, Colorado

8  80112.

9  **III. JURISDICTION AND VENUE**

10       12.    This is an action for patent infringement which arises under the Patent

11  Laws of the United States, in particular, 35 U.S.C. §§271, 281, 283, 284 and 285.

12  This Court has exclusive jurisdiction over the subject matter of this action under

13  28 U.S.C. §§1331 and 1338(a).

14       13.    On information and belief, venue is proper in this district pursuant to

15  28 U.S.C. §§ 1391(b), 1391(c), and 1400(b) because each Defendant has transacted

16  business in this district, and has committed and/or caused acts of patent

17  infringement in this district.

18       14.    On information and belief, Defendant Netflix is subject to this Court's

19  specific and general personal jurisdiction pursuant to due process and/or the

20  California Long Arm Statute, due at least to its substantial business in this forum,

21  including:  (i) at least a portion of the infringements alleged herein; and

22  (ii) regularly doing or soliciting business, engaging in other persistent courses of

23  conduct, and/or deriving substantial revenue from goods and services provided to

24  individuals in California and in this Judicial District.

25       15.    On information and belief, Defendant Amazon is subject to this

26  Court's specific and general personal jurisdiction pursuant to due process and/or

27  the California Long Arm Statute, due at least to its substantial business in this

28  forum, including:  (i) at least a portion of the infringements alleged herein; and

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-4-

COMPLAINT

DOCSOC/1528876v1/019999-0000

1   (ii) regularly doing or soliciting business, engaging in other persistent courses of

2   conduct, and/or deriving substantial revenue from goods and services provided to

3   individuals in California and in this Judicial District.

4         16.    On information and belief, Defendant Facebook is subject to this

5   Court's specific and general personal jurisdiction pursuant to due process and/or

6   the California Long Arm Statute, due at least to its substantial business in this

7   forum, including: (i) at least a portion of the infringements alleged herein; and

8   (ii) regularly doing or soliciting business, engaging in other persistent courses of

9   conduct, and/or deriving substantial revenue from goods and services provided to

10   individuals in California and in this Judicial District.

11         17.    On information and belief, Defendant Sony is subject to this Court's

12   specific and general personal jurisdiction pursuant to due process and/or the

13   California Long Arm Statute, due at least to its substantial business in this forum,

14   including: (i) at least a portion of the infringements alleged herein; and

15   (ii) regularly doing or soliciting business, engaging in other persistent courses of

16   conduct, and/or deriving substantial revenue from goods and services provided to

17   individuals in California and in this Judicial District.

18         18.    On information and belief, Defendant DISH is subject to this Court's

19   specific and general personal jurisdiction pursuant to due process and/or the

20   California Long Arm Statute, due at least to its substantial business in this forum,

21   including: (i) at least a portion of the infringements alleged herein; and

22   (ii) regularly doing or soliciting business, engaging in other persistent courses of

23   conduct, and/or deriving substantial revenue from goods and services provided to

24   individuals in California and in this Judicial District.

25                          **IV. BACKGROUND**

26         19.    The technology represented by the corpus of the Patents-in-Suit was

27   developed by the USC Shoah Foundation Institute ("Shoah") and its predecessors.

28   Shoah's impetus was to gather, catalog and make available for access thousands of

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-5-
COMPLAINT

DOCSOC/1528876v1/019999-0000

1  video testimonies relative to the holocaust.  The Shoah Visual History Foundation

2  was established in 1994.  The original aim of the foundation was to gather video

3  testimonies from survivors and other witnesses of the Holocaust.  Within several

4  years, the Foundation's Visual History Archive held nearly 52,000 video

5  testimonies in 32 languages, representing 56 countries; it is the largest archive of

6  its kind in the world.

7      20.    In January 2006, the Survivors of the Shoah Visual History

8  Foundation became part of the Dana and David Dornsife College of Letters, Arts

9  and Sciences at the University of Southern California in Los Angeles, where the

10  testimonies in the Visual History Archive are preserved.

11      21.    Preservation Technologies has all substantial rights and interest to the

12  Patents-in-Suit, including all rights to recover for all past and future infringements

13  thereof.

14      22.    Defendants provide common infringing technology including systems

15  supporting streaming video.

16                       **V. DEFENDANTS' ACTS**

17      **Netflix**

18      23.    Netflix manufactures, provides, sells, offers for sale and/or distributes

19  infringing systems.  The infringing Netflix systems and methods include, but are

20  not limited to, systems and methods relating to the cataloguing, organizing

21  searching, rating, and provisioning digital multimedia data including but not

22  limited to Netflix's internet subscription service for streaming movies and

23  television shows, and related products.  Netflix provides related services,

24  specifications and instructions for the installation and operation of such systems to

25  its customers.

26      **Amazon**

27      24.    Amazon manufactures, provides, sells, offers for sale and/or

28  distributes infringing systems.  The infringing Amazon systems and methods

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

COMPLAINT

DOCSOC/1528876v1/019999-0000

1   include, but are not limited to, systems and methods relating to the cataloguing,

2   organizing searching, rating, and provisioning digital multimedia data including

3   but not limited to the foregoing functions for streaming movies, television shows

4   and music, such as Amazon Instant Video and MP3 Downloads, along with related

5   products and services.  Amazon provides related services, specifications and

6   instructions for the installation and operation of such systems to its customers.

7        **Facebook**

8        25.    Facebook manufactures, provides, sells, offers for sale and/or

9   distributes infringing systems.  The infringing Facebook systems and methods

10  include, but are not limited to, systems and methods relating to the cataloguing,

11  organizing searching, rating, and provisioning digital multimedia data including

12  but not limited to the foregoing services on Facebook.com, and related products.

13  Facebook provides related services, specifications and instructions for the

14  installation and operation of such systems to its customers.

15       **Sony**

16       26.    Sony manufactures, provides, sells, offers for sale and/or distributes

17  infringing systems.  The infringing Sony systems and methods include, but are not

18  limited to, systems and methods relating to the cataloguing, organizing searching,

19  rating, and provisioning digital multimedia data including but not limited to the

20  foregoing services marketed under the name Crackle (www.crackle.com), and

21  related products.  Sony makes, uses, sells and offers for sale devices including

22  televisions, Blu-ray players and other multimedia devices that are designed to

23  interoperate with services provided by other Defendants, including Netflix,

24  Amazon, Facebook and DISH.  Sony provides related services, specifications and

25  instructions for the installation and operation of such systems to its customers.

26       **DISH**

27       27.    DISH manufactures, provides, sells, offers for sale and/or distributes

28  infringing systems.  The infringing DISH systems and methods include, but are not

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-7-
COMPLAINT

DOCSOC/1528876v1/019999-0000

1  limited to systems and methods relating to the cataloguing, organizing searching,

2  rating, and provisioning digital multimedia data including but not limited to the

3  foregoing services found on Blockbuster On-Demand

4  (www.blockbuster.com/download), and related products.  DISH provides related

5  services, specifications and instructions for the installation and operation of such

6  systems to its customers.

## VI.  COUNT ONE

## DIRECT AND INDIRECT INFRINGEMENT

## OF U.S. PATENT NO. 6,199,060

10     28.    Preservation Technologies incorporates by reference its allegations in

11  Paragraphs 1-27 as if fully restated in this paragraph.

12     29.    Preservation Technologies has all substantial rights and interest to the

13  '060 Patent, including all rights to recover for all past and future infringements

14  thereof.

15     30.    The '060 Patent is valid and enforceable.

16     31.    On information and belief, Defendants Netflix, Amazon, Facebook

17  and Sony, without permission of Preservation Technologies, have been and are

18  presently infringing the '060 Patent, as infringement is defined by 35 U.S.C.

19  § 271(a), including through making, using, selling, offering for sale and importing

20  methods and articles infringing one or more claims of the '060 Patent.  Defendants

21  Netflix, Amazon, Facebook and Sony are thus liable for direct infringement of the

22  '060 Patent pursuant to 35 U.S.C. § 271(a).

23     32.    On information and belief, at least since the filing of this Complaint,

24  Defendants Netflix, Amazon, Facebook and Sony, without permission of

25  Preservation Technologies, have been and are presently indirectly infringing the

26  '060 Patent, including actively inducing infringement of the '060 Patent under

27  35 U.S.C. § 271(b) and contributing to infringement of the '060 Patent under

28  35 U.S.C. § 271(c).  Such inducements include without limitation, with specific

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

COMPLAINT

DOCSOC/1528876v1/019999-0000

1  intent to encourage the infringement, knowingly inducing consumers to use

2  infringing articles and methods that these Defendants knew or should have known

3  infringe one or more claims of the '060 Patent.

4       33.   On information and belief, Defendants, with knowledge of the '060

5  Patent, provide instructions to their customers to use the accused instrumentalities

6  in an infringing manner, and their customers do so.

7       34.   As a result of Defendants' infringement of the '060 Patent,

8  Preservation Technologies has suffered monetary damages that are adequate to

9  compensate them for the infringement under 35 U.S.C. § 284, but in no event less

10  than a reasonable royalty.

## VII.  COUNT TWO

## DIRECT AND INDIRECT INFRINGEMENT

## OF U.S. PATENT NO. 6,581,071

14       35.   Preservation Technologies incorporates by reference its allegations in

15  Paragraphs 1-34 as if fully restated in this paragraph.

16       36.   Preservation Technologies has all substantial rights and interest to the

17  '071 Patent, including all rights to recover for all past and future infringements

18  thereof.

19       37.   The '071 Patent is valid and enforceable.

20       38.   On information and belief, Defendants Netflix, Amazon, Facebook,

21  Sony, and DISH, without permission of Preservation Technologies, have been and

22  are presently infringing the '071Patent, as infringement is defined by 35 U.S.C.

23  § 271(a), including through making, using, selling, offering for sale and importing

24  methods and articles infringing one or more claims of the '071Patent.  Defendants

25  Netflix, Amazon, Facebook, Sony, and DISH are thus liable for direct infringement

26  of the '071 Patent pursuant to 35 U.S.C. § 271(a).

27       39.   On information and belief, at least since the filing of this Complaint,

28  Defendants Netflix, Amazon, Facebook, Sony, and DISH, without permission of

COMPLAINT

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

DOCSOC/1528876v1/019999-0000

1 Preservation Technologies, have been and are presently indirectly infringing the
2 '071 Patent, including actively inducing infringement of the '071 Patent under 35
3 U.S.C. § 271(b) and contributing to infringement of the '071 Patent under 35
4 U.S.C. § 271(c). Such inducements include without limitation, with specific intent
5 to encourage the infringement, knowingly inducing consumers to use infringing
6 articles and methods that these Defendants knew or should have known infringe
7 one or more claims of the '071 Patent.

8    40.    On information and belief, Defendants, with knowledge of the '071
9 Patent, provide instructions to their customers to use the accused instrumentalities
10 in an infringing manner, and their customers do so.

11    41.    As a result of Defendants' infringement of the '071 Patent,
12 Preservation Technologies has suffered monetary damages that are adequate to
13 compensate them for the infringement under 35 U.S.C. § 284, but in no event less
14 than a reasonable royalty.

### VIII. COUNT THREE
### DIRECT AND INDIRECT INFRINGEMENT
### OF U.S. PATENT NO. 5,813,014

18    42.    Preservation Technologies incorporates by reference its allegations in
19 Paragraphs 1-41 as if fully restated in this paragraph.

20    43.    Preservation Technologies has all substantial rights and interest to the
21 '014 Patent, including all rights to recover for all past and future infringements
22 thereof.

23    44.    The '014 Patent is valid and enforceable.

24    45.    On information and belief, Defendants Netflix, Amazon, Facebook,
25 Sony, and DISH, without permission of Preservation Technologies, have been and
26 are presently infringing the '014 Patent, as infringement is defined by 35 U.S.C.
27 § 271(a), including through making, using, selling, offering for sale and importing
28 methods and articles infringing one or more claims of the '014 Patent. Defendants

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-10-
COMPLAINT

DOCSOC/1528876v1/019999-0000

1   Netflix, Amazon, Facebook, Sony, and DISH are thus liable for direct infringement
2   of the '014 Patent pursuant to 35 U.S.C. § 271(a).

3        46.    On information and belief, at least since the filing of this Complaint,
4   Defendants Netflix, Amazon, Facebook, Sony, and DISH, without permission of
5   Preservation Technologies, have been and are presently indirectly infringing the
6   '014 Patent, including actively inducing infringement of the '014 Patent under
7   35 U.S.C. § 271(b) and contributing to infringement of the '014 Patent under
8   35 U.S.C. § 271(c).  Such inducements include without limitation, with specific
9   intent to encourage the infringement, knowingly inducing consumers to use
10  infringing articles and methods that these Defendants knew or should have known
11  infringe one or more claims of the '014 Patent.

12       47.    On information and belief, Defendants, with knowledge of the '014
13  Patent, provide instructions to their customers to use the accused instrumentalities
14  in an infringing manner, and their customers do so.

15       48.    As a result of Defendants' infringement of the '014 Patent,
16  Preservation Technologies has suffered monetary damages that are adequate to
17  compensate them for the infringement under 35 U.S.C. § 284, but in no event less
18  than a reasonable royalty.

### IX.  COUNT FOUR
### DIRECT AND INDIRECT INFRINGEMENT
### OF U.S. PATENT NO. 6,092,080

22       49.    Preservation Technologies incorporates by reference its allegations in
23  Paragraphs 1-48 as if fully restated in this paragraph.

24       50.    Preservation Technologies has all substantial rights and interest to the
25  '080 Patent, including all rights to recover for all past and future infringements
26  thereof.

27       51.    The '080 Patent is valid and enforceable.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-11-
COMPLAINT

DOCSOC/1528876v1/019999-0000

52.     On information and belief, Defendants Netflix, Amazon, Facebook, Sony, and DISH, without permission of Preservation Technologies, have been and are presently infringing the '080 Patent, as infringement is defined by 35 U.S.C. § 271(a), including through making, using, selling, offering for sale and importing methods and articles infringing one or more claims of the '080 Patent. Defendants Netflix, Amazon, Facebook, Sony, and DISH are thus liable for direct infringement of the '080 Patent pursuant to 35 U.S.C. § 271(a).

53.     On information and belief, at least since the filing of this Complaint, Defendants Netflix, Amazon, Facebook, Sony, and DISH, without permission of Preservation Technologies, have been and are presently indirectly infringing the '080 Patent, including actively inducing infringement of the '080 Patent under 35 U.S.C. § 271(b) and contributing to infringement of the '080 Patent under 35 U.S.C. § 271(c). Such inducements include without limitation, with specific intent to encourage the infringement, knowingly inducing consumers to use infringing articles and methods that these Defendants knew or should have known infringe one or more claims of the '080 Patent.

54.     On information and belief, Defendants, with knowledge of the '080 Patent, provide instructions to their customers to use the accused instrumentalities in an infringing manner, and their customers do so.

55.     As a result of Defendants' infringement of the '080 Patent, Preservation Technologies has suffered monetary damages that are adequate to compensate them for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

## X.  COUNT FIVE

### DIRECT AND INDIRECT INFRINGEMENT

### OF U.S. PATENT NO. 5,832,495

56.     Preservation Technologies incorporates by reference its allegations in Paragraphs 1-55 as if fully restated in this paragraph.

-12-

COMPLAINT

57.    Preservation Technologies has all substantial rights and interest to the '495 Patent, including all rights to recover for all past and future infringements thereof.

58.    The '495 Patent is valid and enforceable.

59.    On information and belief, Defendants Netflix, Amazon, Sony, and DISH, without permission of Preservation Technologies, have been and are presently infringing the '495 Patent, as infringement is defined by 35 U.S.C. § 271(a), including through making, using, selling, offering for sale and importing methods and articles infringing one or more claims of the '495 Patent.  Defendants Netflix, Amazon, Sony, and DISH are thus liable for direct infringement of the '495 Patent pursuant to 35 U.S.C. § 271(a).

60.    On information and belief, at least since the filing of this Complaint, Defendants Netflix, Amazon, Sony, and DISH, without permission of Preservation Technologies, have been and are presently indirectly infringing the '495 Patent, including actively inducing infringement of the '495 Patent under 35 U.S.C. § 271(b) and contributing to infringement of the '495 Patent under 35 U.S.C. § 271(c).  Such inducements include without limitation, with specific intent to encourage the infringement, knowingly inducing consumers to use infringing articles and methods that these Defendants knew or should have known infringe one or more claims of the '495 Patent.

61.    On information and belief, Defendants, with knowledge of the '495 Patent, provide instructions to their customers to use the accused instrumentalities in an infringing manner, and their customers do so.

62.    As a result of Defendants' infringement of the '495 Patent, Preservation Technologies has suffered monetary damages that are adequate to compensate them for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-13-
COMPLAINT

DOCSOC/1528876v1/019999-0000

# XI.  COUNT SIX

## DIRECT AND INDIRECT INFRINGEMENT

## OF U.S. PATENT NO. 5,832,499

63.    Preservation Technologies incorporates by reference its allegations in Paragraphs 1-63 as if fully restated in this paragraph.

64.    Preservation Technologies has all substantial rights and interest to the '499 Patent, including all rights to recover for all past and future infringements thereof.

65.    The '499 Patent is valid and enforceable.

66.    On information and belief, Defendants Netflix, Amazon, Sony, and DISH, without permission of Preservation Technologies, have been and are presently infringing the '499 Patent, as infringement is defined by 35 U.S.C. § 271(a), including through making, using, selling, offering for sale and importing methods and articles infringing one or more claims of the '499 Patent.  Defendants Netflix, Amazon, Sony, and DISH are thus liable for direct infringement of the '499 Patent pursuant to 35 U.S.C. § 271(a).

67.    On information and belief, at least since the filing of this Complaint, Defendants Netflix, Amazon, Sony, and DISH, without permission of Preservation Technologies, have been and are presently indirectly infringing the '499 Patent, including actively inducing infringement of the '499 Patent under 35 U.S.C. § 271(b) and contributing to infringement of the '499 Patent under 35 U.S.C. § 271(c).  Such inducements include without limitation, with specific intent to encourage the infringement, knowingly inducing consumers to use infringing articles and methods that these Defendants knew or should have known infringe one or more claims of the '499 Patent.

68.    On information and belief, Defendants, with knowledge of the '499 Patent, provide instructions to their customers to use the accused instrumentalities in an infringing manner, and their customers do so.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-14-

COMPLAINT

DOCSOC/1528876v1/019999-0000

1    69.    As a result of Defendants' infringement of the '499 Patent,

2  Preservation Technologies has suffered monetary damages that are adequate to

3  compensate them for the infringement under 35 U.S.C. § 284, but in no event less

4  than a reasonable royalty.

5                        **XII.  COUNT SEVEN**

6               **DIRECT AND INDIRECT INFRINGEMENT**

7                  **OF U.S. PATENT NO. 6,212,527**

8    70.    Preservation Technologies incorporates by reference its allegations in

9  Paragraphs 1-69 as if fully restated in this paragraph.

10    71.    Preservation Technologies has all substantial rights and interest to the

11  '527 Patent, including all rights to recover for all past and future infringements

12  thereof.

13    72.    The '527 Patent is valid and enforceable.

14    73.    On information and belief, Defendants Netflix, Amazon, Facebook,

15  Sony, and DISH, without permission of Preservation Technologies, have been and

16  are presently infringing the '527 Patent, as infringement is defined by 35 U.S.C.

17  § 271(a), including through making, using, selling, offering for sale and importing

18  methods and articles infringing one or more claims of the '527 Patent.  Defendants

19  Netflix, Amazon, Facebook, Sony, and DISH are thus liable for direct infringement

20  of the '527 Patent pursuant to 35 U.S.C. § 271(a).

21    74.    On information and belief, at least since the filing of this Complaint,

22  Defendants Netflix, Amazon, Facebook, Sony, and DISH, without permission of

23  Preservation Technologies, have been and are presently indirectly infringing the

24  '527 Patent, including actively inducing infringement of the '527 Patent under

25  35 U.S.C. § 271(b) and contributing to infringement of the '527 Patent under

26  35 U.S.C. § 271(c).  Such inducements include without limitation, with specific

27  intent to encourage the infringement, knowingly inducing consumers to use

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-15-

COMPLAINT

DOCSOC/1528876v1/019999-0000

1  infringing articles and methods that these Defendants knew or should have known

2  infringe one or more claims of the '527 Patent.

3      75.    On information and belief, Defendants, with knowledge of the '527

4  Patent, provide instructions to their customers to use the accused instrumentalities

5  in an infringing manner, and their customers do so.

6      76.    As a result of Defendants' infringement of the '527 Patent,

7  Preservation Technologies has suffered monetary damages that are adequate to

8  compensate them for the infringement under 35 U.S.C. § 284, but in no event less

9  than a reasonable royalty.

10  **XIII.  COUNT EIGHT**

11  **DIRECT AND INDIRECT INFRINGEMENT**

12  **OF U.S. PATENT NO. 6,574,638**

13      77.    Preservation Technologies incorporates by reference its allegations in

14  Paragraphs 1-76 as if fully restated in this paragraph.

15      78.    Preservation Technologies has all substantial rights and interest to the

16  '638 Patent, including all rights to recover for all past and future infringements

17  thereof.

18      79.    The '638 Patent is valid and enforceable.

19      80.    On information and belief, Defendants Netflix, Amazon, Facebook,

20  Sony, and DISH, without permission of Preservation Technologies, have been and

21  are presently infringing the '638 Patent, as infringement is defined by 35 U.S.C.

22  § 271(a), including through making, using, selling, offering for sale and importing

23  methods and articles infringing one or more claims of the '638 Patent.  Defendants

24  Netflix, Amazon, Facebook, Sony, and DISH are thus liable for direct infringement

25  of the '638 Patent pursuant to 35 U.S.C. § 271(a).

26      81.    On information and belief, at least since the filing of this Complaint,

27  Defendants Netflix, Amazon, Facebook, Sony, and DISH, without permission of

28  Preservation Technologies, have been and are presently indirectly infringing the

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-16-

COMPLAINT

DOCSOC/1528876v1/019999-0000

1  '638 Patent, including actively inducing infringement of the '638 Patent under

2  35 U.S.C. § 271(b) and contributing to infringement of the '638 Patent under

3  35 U.S.C. § 271(c).  Such inducements include without limitation, with specific

4  intent to encourage the infringement, knowingly inducing consumers to use

5  infringing articles and methods that these Defendants knew or should have known

6  infringe one or more claims of the '638 Patent.

7       82.    On information and belief, Defendants, with knowledge of the '638

8  Patent, provide instructions to their customers to use the accused instrumentalities

9  in an infringing manner, and their customers do so.

10       83.    As a result of Defendants' infringement of the '638 Patent,

11  Preservation Technologies has suffered monetary damages that are adequate to

12  compensate them for the infringement under 35 U.S.C. § 284, but in no event less

13  than a reasonable royalty.

14  **XIV.  COUNT NINE**

15  **DIRECT AND INDIRECT INFRINGEMENT**

16  **OF U.S. PATENT NO. 6,549,911**

17       84.    Preservation Technologies incorporates by reference its allegations in

18  Paragraphs 1-83 as if fully restated in this paragraph.

19       85.    Preservation Technologies has all substantial rights and interest to the

20  '911 Patent, including all rights to recover for all past and future infringements

21  thereof.

22       86.    The '911 Patent is valid and enforceable.

23       87.    On information and belief, Defendants Netflix, Amazon, Facebook,

24  Sony, and DISH, without permission of Preservation Technologies, have been and

25  are presently infringing the '911 Patent, as infringement is defined by 35 U.S.C.

26  § 271(a), including through making, using, selling, offering for sale and importing

27  methods and articles infringing one or more claims of the '911 Patent.  Defendants

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-17-
COMPLAINT

DOCSOC/1528876v1/019999-0000

1 | Netflix, Amazon, Facebook, Sony, and DISH are thus liable for direct infringement

2 | of the '911 Patent pursuant to 35 U.S.C. § 271(a).

3 |      88.    On information and belief, at least since the filing of this Complaint,

4 | Defendants Netflix, Amazon, Facebook, Sony, and DISH, without permission of

5 | Preservation Technologies, have been and are presently indirectly infringing the

6 | '911 Patent, including actively inducing infringement of the '911 Patent under

7 | 35 U.S.C. § 271(b) and contributing to infringement of the '911 Patent under

8 | 35 U.S.C. § 271(c).  Such inducements include without limitation, with specific

9 | intent to encourage the infringement, knowingly inducing consumers to use

10 | infringing articles and methods that these Defendants knew or should have known

11 | infringe one or more claims of the '911 Patent.

12 |      89.    On information and belief, Defendants, with knowledge of the '911

13 | Patent, provide instructions to their customers to use the accused instrumentalities

14 | in an infringing manner, and their customers do so.

15 |      90.    As a result of Defendants' infringement of the '911 Patent,

16 | Preservation Technologies has suffered monetary damages that are adequate to

17 | compensate them for the infringement under 35 U.S.C. § 284, but in no event less

18 | than a reasonable royalty.

19 | **XV.  COUNT TEN**

20 | **DIRECT AND INDIRECT INFRINGEMENT**

21 | **OF U.S. PATENT NO. 6,353,831**

22 |      91.    Preservation Technologies incorporates by reference its allegations in

23 | Paragraphs 1-90 as if fully restated in this paragraph.

24 |      92.    Preservation Technologies has all substantial rights and interest to the

25 | '831 Patent, including all rights to recover for all past and future infringements

26 | thereof.

27 |      93.    The '831 Patent is valid and enforceable.

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-18-

COMPLAINT

DOCSOC/1528876v1/019999-0000

94.     On information and belief, Defendants Netflix, Amazon, Facebook, Sony, and DISH, without permission of Preservation Technologies, have been and are presently infringing the '831 Patent, as infringement is defined by 35 U.S.C. § 271(a), including through making, using, selling, offering for sale and importing methods and articles infringing one or more claims of the '831 Patent. Defendants Netflix, Amazon, Facebook, Sony, and DISH are thus liable for direct infringement of the '831 Patent pursuant to 35 U.S.C. § 271(a).

95.     On information and belief, at least since the filing of this Complaint, Defendants Netflix, Amazon, Facebook, Sony, and DISH, without permission of Preservation Technologies, have been and are presently indirectly infringing the '831 Patent, including actively inducing infringement of the '831 Patent under 35 U.S.C. § 271(b) and contributing to infringement of the '831 Patent under 35 U.S.C. § 271(c). Such inducements include without limitation, with specific intent to encourage the infringement, knowingly inducing consumers to use infringing articles and methods that these Defendants knew or should have known infringe one or more claims of the '831 Patent.

96.     On information and belief, Defendants, with knowledge of the '831 Patent, provide instructions to their customers to use the accused instrumentalities in an infringing manner, and their customers do so.

97.     As a result of Defendants' infringement of the '831 Patent, Preservation Technologies has suffered monetary damages that are adequate to compensate them for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

## XVI. JURY DEMAND

98.     Plaintiff Preservation Technologies hereby demands a jury on all issues so triable.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-19-
COMPLAINT

DOCSOC/1528876v1/019999-0000

# XVII.  REQUEST FOR RELIEF

WHEREFORE, Plaintiff Preservation Technologies respectfully requests that the Court:

A.     Permanently enjoin each Defendant, its agents, servants and employees, and all those in privity with each Defendant or in active concert and participation with any of the Defendants, from engaging in acts of infringement of the Patents-in-Suit;

B.     Award Plaintiff Preservation Technologies past and future damages together with prejudgment and post-judgment interest to compensate for the infringement by Defendants of the Patents-in-Suit in accordance with 35 U.S.C. § 284, and increase such award by up to three times the amount found or assessed in accordance with 35 U.S.C. § 284;

C.     Declare this case exceptional pursuant to 35 U.S.C. § 285; and

D.     Award Plaintiff Preservation Technologies its costs, disbursements, attorneys' fees and such further and additional relief as is deemed appropriate by this Court.

Respectfully submitted,

DATED:  December 2, 2011          STRADLING YOCCA CARLSON & RAUTH
                                  A Professional Corporation


                                  By: _____
                                       Douglas Q. Hahn

                                      Attorneys for Plaintiffs
                                      Preservation Technologies LLC

DOCSOC/1528876v1/019999-0000